## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOSE ANTONIO ALDAPE-MARES,** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-13** |
| | § | **Criminal No. 1:14-746-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 19, 2016, Petitioner Jose Antonio Aldape-Mares ("Aldape-Mares") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is factually and legally meritless.

## I. Procedural and Factual Background

On September 23, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Aldape-Mares for 1) conspiracy to possess with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841 and 846; and, (2) possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (3) conspiracy to import more than 500 grams of cocaine in violation of 21 U.S.C. §§ 952, 960 and 963; and (4) importation of more than 500 grams of cocaine in violation of 21 U.S.C. § 952, 960 and 18 U.S.C. § 2. U.S. v. Aldape-Mares, Criminal No. 1:14-746-1, Dkt. No. 9 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment

On November 24, 2014, Aldape-Mares entered a guilty plea – without a written plea agreement – before the Magistrate Judge to count two, possession with intent to distribute

1

more than 500 grams of cocaine.

**B. Pre Sentence Report**

In the final presentence report, Aldape-Mares was assessed a base offense level of 28, predicated upon a finding that Aldape-Mares was accountable for 4.52 kilograms of cocaine. CR Dkt. No. 23, p. 5.

Aldape-Mares received a three-level reduction for acceptance of responsibility. CR Dkt. No. 23, p. 6.  Thus, Aldape-Mares was assessed a total offense level of 25. Id.

Regarding his criminal history, Aldape-Mares had no criminal convictions and was assessed no criminal history points. CR Dkt. No. 23, p. 6.  Accordingly, he was given a criminal history category of I. Id.

The presentence report, based upon Aldape-Mares's offense level of 25 and criminal history category I, identified a guideline range of 57 to 71 months of imprisonment. Id., p. 9.  However, the underlying offense was subject to a mandatory minimum sentence of 60 months; thus, the revised guideline range was 60 to 71 months. Id, p. 9.

On March 2, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Aldape-Mares's guilty plea. CR Dkt. No. 27.

On that same day, the District Court held the sentencing hearing. CR Dkt. No. 29.  At the sentencing hearing, the Court found that Aldape-Mares qualified for the safety valve provision at 18 U.S.C. § 3553(f). Id, p. 1.  This finding relieved Aldape-Mares of the mandatory minimum sentence and resulted in an additional two-level reduction in his final offense level. Id.

With that two-level reduction, Aldape-Mares's total offense level was 23. CR Dkt. No. 29.  A total offense level of 23, with a criminal history category of I, resulted in a revised sentencing range of 46 to 57 months. Id.

The District Court sentenced Aldape-Mares to 46 months of incarceration, three years of supervised release and a $100.00 special assessment. CR Dkt. No. 28.  The judgment was issued on March 6, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within 14 days from the entry of judgment.

2

FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Aldape-Mares's deadline for filing a notice of appeal passed on March 20, 2015.

### C.  Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On January 19, 2016, Aldape-Mares timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In that motion, Aldape-Mares asserted two bases for relief, which the Court restates as a single argument entitling him to relief. Aldape-Mares claims that his counsel was ineffective for failing to seek a downward departure, based upon Aldape-Mares's status as a deportable alien. Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Aldape-Mares seeks relief under 28 U.S.C. § 2255.  Dkt. No. 1, p. 1.  As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Court reserves relief under section 2255 for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (quoting U.S. v. Segler, 37 F. 3d 1131, 1133 (5th Cir. 1994)).

An exception to the rule – requiring matters be raised first on direct appeal – are claims of ineffective assistance of counsel.  Such claims are properly made, for the first time,

pursuant to § 2255, because they are issues of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).

**B. Ineffective Assistance of Counsel**

"The Sixth Amendment right of criminal defendants to the assistance of counsel includes the right to the effective assistance of counsel." Loden v. McCarty, 778 F.3d 484, 494 (5th Cir. 2015). To succeed on a claim of ineffective assistance of counsel, the petitioner must prove: (1) defense counsel was objectively deficient; and, (2) defense counsel's errors prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Regarding the first prong of the Strickland test, the petitioner must show that defense counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This standard is highly deferential and carries "a strong presumption that the decisions of counsel fall within a wide range of professional assistance." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

As to the second prong of the Strickland test, the petitioner must show a "reasonable probability" that, but for the trial counsel's errors, he would have served less time in jail. U.S. v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004); Glover v. U.S., 531 U.S. 198, 203 (2001) ("any amount of jail time has Sixth Amendment significance").

If a petitioner fails to prove either prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Aldape-Mares's claims, a basic premise is that allegations by pro se

litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Aldape-Mares's claims.

Aldape-Mares asserts that his attorney was ineffective for failing to seek a downward departure based upon his status as a deportable alien. Dkt. No. 1. Further, because Aldape-Mares is ineligible for certain programs that are only available to citizens of the United States, he asserts that his sentence is too harsh compared to U.S. citizens who are convicted of the same crime. This claim is meritless.

The Court notes that a departure based on an alien's deportable status is "highly infrequent" and is reserved for extraordinary cases. U.S. v. Garay, 235 F.3d 230, 233 (5th Cir. 2000). "Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure." U.S. v. Nnanna, 7 F.3d 420, 422 (5th Cir. 1993).

Aldape-Mares has provided no facts to show that his case was extraordinary. Rather, the same argument can be raised by every non-U.S. citizen incarcerated for committing a federal offense. Moreover, his argument is directly contrary to the law of this circuit, which this Court is bound to follow. See In re Capstead Mortgage Corp. Sec. Litig., 258 F. Supp. 2d 533, 546 (N.D. Tex. 2003) ("The court is thus obligated to follow the law as set forth by the Supreme Court, the Fifth Circuit, and the applicable statutes and rules.").

Given the lack of extraordinary circumstances to justify an argument for a downward departure, counsel was not deficient for failing to seek one. U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Furthermore, given the law – as established by the Fifth Circuit – Aldape-Mares's counsel was not ineffective for failing to make such an argument. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

5

Accordingly, this claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Jose Antonio Aldape-Mares's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit.  28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2001).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further.  Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner made a substantial showing of a denial of a constitutional right on the issues before the court.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Aldape-Mares's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Aldape-Mares's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec.

1, 2009).  Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

       DONE at Brownsville, Texas, on June 22, 2016.

                            Ronald G. Morgan
                            United States Magistrate Judge